UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-P639-S

**JASON ONTERIA MASON**                                                                 **PETITIONER**

v.

**MARK BOLTON**                                                                         **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

    Petitioner Jason Onteria Mason filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. This matter is now before the Court for review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the Court will direct Mason to show cause why his petition should not be dismissed.

**I.**

    In the petition, Mason indicates that he was convicted in Jefferson District Court. However, he does not state the date of the judgment of conviction or the length of his sentence. Where the 28 U.S.C. § 2254 petition form states: "Identify all crimes of which you were convicted and sentenced in this case[,]" Mason states "None" and then goes on to list a variety of charges, including operating a motor vehicle under the influence of alcohol or drugs, failure to produce an insurance card, reckless driving, disorderly conduct, and others. In the section of the form requesting Mason to state whether he filed an appeal of the judgment of conviction, he leaves the section blank. In the following section, the form asks, "Did you seek further review by a higher state court?" Mason checked "No." Nothing else in the petition otherwise indicates that Mason has been convicted or has appealed his conviction.

**II.**

A petition for writ of habeas corpus may be brought only by "a person in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a). Moreover, a federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[1] *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). A state prisoner must present the substance of every claim he intends to raise in a § 2254 petition to all levels of state court review before pursuing relief in federal court. However, where a prisoner's failure to present a claim to the state court bars state court consideration of the claim, an exception to the exhaustion requirement is made, since further resort to the state courts would be futile. *See Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The burden is on the petitioner to demonstrate

---

[1]Section 2254 provides, in pertinent part:
 (b)(1) An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it
 appears that:
 (A) the applicant has exhausted the remedies available in the court of the State; or
 (B)(i) there is an absence of available State corrective process; or
 (ii) circumstances exist that render such process ineffective to protect the rights of
 the applicant.

2

compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In the present case, it is unclear whether Mason is "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a). Even if Mason has been convicted, however, it does not appear that he has exhausted his state court remedies. His § 2254 petition seeking a writ of habeas corpus from this Court is therefore subject to dismissal. Before dismissing the action on these grounds, however, the Court will provide Mason with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198 (2006). Mason's response should be limited to the issue of whether a judgment of conviction has been entered against him and whether he has exhausted all available state court remedies. Accordingly,

**IT IS ORDERED that within 28 days from the date of entry of this Memorandum Opinion and Order Mason must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed because a judgment of conviction has not been entered against him and/or for failure to exhaust available state court remedies. <u>Mason is WARNED that failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.</u>**

Date:  April 15, 2013

                                        Charles R. Simpson III, Senior Judge
                                        United States District Court

cc: Petitioner, *pro se*
      Respondent
4411.010