UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-P639-S

**JASON ONTERIA MASON**                                                                                           **PETITIONER**

v.

**MARK BOLTON**                                                                                                  **RESPONDENT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Petitioner Jason Onteria Mason filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus.  The Court reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review, the Court directed Mason to show cause why his petition should not be dismissed because a judgment of conviction had not been entered against him and/or for failure to exhaust available state court remedies.  Mason did not file a response.  Upon review, for the reasons set forth below, the Court will dismiss the petition.

I.

In the petition, Mason indicates that he was convicted in Jefferson District Court. However, he does not state the date of the judgment of conviction or the length of his sentence. Where the 28 U.S.C. § 2254 petition form states: "Identify all crimes of which you were convicted and sentenced in this case[,]" Mason states "None" and then goes on to list a variety of charges, including operating a motor vehicle under the influence of alcohol or drugs, failure to produce an insurance card, reckless driving, disorderly conduct, and others.  In the section of the form requesting Mason to state whether he filed an appeal of the judgment of conviction, he leaves the section blank.  In the following section, the form asks, "Did you seek further review

by a higher state court?" Mason checked "No." Nothing else in the petition otherwise indicates that Mason has been convicted or has appealed his conviction.

## II.

A petition for writ of habeas corpus may be brought only by "a person in custody pursuant to the judgment of a State court[.]"  28 U.S.C. § 2254(a).  Moreover, a federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies.  28 U.S.C. § 2254(b);[1] *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court.").  Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  A state prisoner must present the substance of every claim he intends to raise in a § 2254 petition to all levels of state court review before pursuing relief in federal court.  However, where a prisoner's failure to present a claim to the state court bars state court consideration of the claim, an exception to the exhaustion

---

[1]Section 2254 provides, in pertinent part:
 (b)(1) An application for a writ of habeas corpus on behalf of a person in custody
 pursuant to the judgment of a State court shall not be granted unless it
 appears that:
 (A) the applicant has exhausted the remedies available in the court of the State; or
 (B)(i) there is an absence of available State corrective process; or
 (ii) circumstances exist that render such process ineffective to protect the rights of
 the applicant.

requirement is made, since further resort to the state courts would be futile. *See Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In the present case, Mason failed to respond to the Court's Show Cause Order or otherwise to show that he is "in custody pursuant to the judgment of a State court[,]" 28 U.S.C. § 2254(a), or meet his burden of establishing that he exhausted state court remedies before bringing this habeas action.

For these reasons, the Court concludes that the 28 U.S.C. § 2254 petition for a writ of habeas corpus must be denied and the action dismissed. The Court will dismiss this action by separate Order.

### III. CERTIFICATE OF APPEALABILITY

In the event that Mason appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the

matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: June 6, 2013

                                **Charles R. Simpson III, Senior Judge**
                                **United States District Court**

cc:     Petitioner, *pro se*
       Respondent
       Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4411.010